IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| 215 PAPER MILL RD PCPRE, LLC, ) | |
| ) | CASE NO. 25-54943-lrc |
| Debtor. ) | |
| ) | |

**MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDER AUTHORIZING
USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING**

215 Paper Mill Rd PCPRE, LLC, (the "**Debtor**"), pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 4001, files this motion (the "**Motion**") requesting that the Court enter orders authorizing the Debtor's use of cash collateral on an interim and final basis. In support of the Motion, the Debtor shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The relief requested in this Motion is based upon §§ 105, 361, 363, and 364 of Chapter 11 of Title 11 United States Code (the "**Bankruptcy Code**") and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

3. On May 5, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in possession of its property and management of its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of unsecured creditors has been appointed and no request for the appointment of a trustee or examiner has been made.

4. The Debtor is the owner and operator of an 82 unit apartment complex known as The Carolina, located in Gwinnett County, Georgia (the "**Property**").

5. On November 10, 2020, the Debtor and Greystone Servicing Company LLC (the "**Original Lender**") entered into that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "**Loan Agreement**") pursuant to which the Debtor obtained a loan from the Original Lender in the principal amount of Six Million Nine Hundred Sixty Thousand Dollars ($6,960,000.00). The Debtor's obligation under the Loan is evidenced by a certain Multifamily Note, dated November 10, 2020 (the "**Note**"), which is purportedly secured by a certain Multifamily Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated November 10, 2020 (the "**Security Deed,**" together with the Loan Agreement and the Note, the "**Loan Documents**"). The maturity date on the Loan under the Loan Documents is December 1, 2030.

6. Also on November 10, 2020, the Original Lender assigned its interests in the Loan and the Loan Documents to Federal National Mortgage Association ("**Fannie Mae**") pursuant to a certain Assignment of Collateral Documents and Other Loan Documents (the "**Assignment**").

7. Fannie Mae has alleged that the Debtor is in default under the Loan and the Loan Documents by virtue of various alleged non-monetary defaults.

8. By letter dated March 7, 2025, Fannie Mae purportedly accelerated the Loan.

9. On April 1, 2025, Fannie Mae filed a complaint in the Superior Court of Gwinnett County, Georgia seeking the appointment of a receiver over the Property and injunctive relief captioned *Federal National Mortgage Association v. 215 Paper Mill Road PCPRE LLC,* thus commencing Civil Action No. 25-A-02995-4.

10. Among other things, Fannie Mae asserts liens and security interests in the Property and may assert that any rental payments received by the Debtor from tenants in the Property constitute "cash collateral" as defined in 11 U.S.C. § 363(a).

## Relief Requested

11. The Debtor seeks the entry of an interim and final order, pursuant to §§105, 361, and 363 of the Bankruptcy Code and Rule 4001(b) authorizing the Debtor to use cash collateral. Initially, the Debtor seeks (a) the entry of an interim order (the "**Interim Order**") authorizing the Debtor's use of cash pursuant to a budget attached to this Motion as Exhibit A (the "**Budget**"); and (b) scheduling a final hearing on the Motion. In accordance with Rule 4001, the following are the Debtor's proposed terms for the use of cash collateral:

(a) Purpose. Cash collateral will be used to provide working capital and other general corporate purposes of the Debtor during the pendency of the Chapter 11 case.

(b) Use of Cash Collateral. Cash collateral will be used only pursuant to the terms of the Budget (subject to a 10% variance during any four-week period) for the period following entry of the Interim Order until the earlier of: (i) the effective date of any final order entered on this Motion; or (ii) the conversion of the case to Chapter 7 or dismissal of the case.

(c) Adequate Protection. The Debtor believes that Fannie Mae currently has adequate protection for the Debtor's use of cash collateral because the value of the Property greatly exceeds any obligation due Fannie Mae under the Loan Documents. As additional adequate protection for any cash collateral expended by the Debtor, however, Fannie Mae shall be given a replacement lien in post-petition rents and other income from the Property in the same order of priority as existed pre-petition.

## Basis for Relief Requested

12. The Debtor's use of the cash collateral is essential to the continuing operation of its business, to maintain the value of the Property, and for an effective reorganization. Among other things, the Debtor must spend funds to meet certain obligations to tenants under their leases. Without authority to do so, the tenants may terminate their leases and vacate the Property. The Debtor does not propose to use cash collateral to pay any amounts due and owing pre-petition. Because of the nature of the Debtor's business, it must have use of cash collateral to meet its ongoing obligations to its tenants and to preserve the value of the Property.

13. Section 363(c)(2) provides that a debtor may not use, sell or lease cash collateral unless each entity with an interest in such cash collateral consents or the Court authorizes such use, sale or lease. Section 363(e) provides that the Court shall condition such use of cash collateral as is necessary to provide adequate protection of such interests.

14. The Debtor requests authority to use cash collateral for the purposes and amounts set forth in the proposed Budget. The Debtor submits that the value of the Property is sufficiently in excess of the accrued principal and interest owed on the Loan that the risk of diminution in value of the collateral is minimal.

**Request for Immediate Interim Relief**

15. Pending a final hearing on this Motion, the Debtor requires immediate use of cash collateral to meet the obligations of its day to day operations. It is essential that the Debtor maintain consistent operations and resume paying for ordinary, post-petition operating expenses to minimize any damage caused by the filing. Without immediate use of cash collateral, the Debtor will be unable to pay ongoing operating expenses and will likely lose tenants, thereby worsening the Debtor's cash flow. Accordingly, if interim relief is not granted, the Debtor's assets will be

immediately and irreparably jeopardized to the detriment of the Debtor, the estate, creditors, and other parties in interest.

16. Therefore, the Debtor requests the Court to schedule an interim hearing as soon as practicable to consider the Debtor's request for use of cash collateral.  Bankruptcy Rule 4001(b) permits a court to approve a debtor's request for use of cash collateral during the 14 day period following the filing of a motion for use of cash collateral in such amounts as is necessary to avoid irreparable harm to the estate pending a final hearing.  In considering requests for interim relief, courts apply the same business judgment standard applicable to other business decisions.

17. For the reasons explained above, the Debtor believes that granting the relief requested is appropriate and in the best interests of the estate.

### Notice

18. Notice of this Motion has been provided to the Office of the United States Trustee, counsel for Fannie Mae, the Debtor's twenty largest unsecured creditors, and any other parties who have filed notices of appearance in this case.  In light of the interim nature of the relief requested, the Debtor submits that such notice is adequate under the circumstances.

WHEREFORE, the Debtor requests that this Court (a) enter an Interim Order in the form attached hereto as Exhibit B granting interim use of Cash Collateral consistent with this Motion, (b) schedule a final hearing on the Motion for final approval of the relief requested herein; (c) and grant the Debtor such other and further relief as is just and proper.

*[Signature on following page]*

This 8th day of May, 2025.

          Respectfully submitted,

          SCROGGINS, WILLIAMSON & RAY, P.C.

4401 Northside Parkway
Suite 230
Atlanta, GA 30327          /s/ J. Hayden Kepner, Jr.
T:    (404) 893-3880          ASHLEY REYNOLDS RAY
F:    (404) 893-3886          Georgia Bar No. 601559
E:    aray@swlawfirm.com     J. HAYDEN KEPNER, JR.
       hkepner@swlawfirm.com    Georgia Bar No. 416616

          *Proposed Counsel for Debtor*

EXHIBIT "A"

The Carolina (8carol)
**Statement (8-Week)**
Period = May 2025 - Jun 2025
Book = Cash

| | | Week 1<br>5/5/25 - 5/11/25 | Week 2<br>5/12/25 - 5/18/25 | Week 3<br>5/19/25 - 5/25/25 | Week 4<br>5/26/25 - 6/1/25 | Week 5<br>6/2/25 - 6/8/25 | Week 6<br>6/9/25 - 6/15/25 | Week 7<br>6/16/25 - 6/22/25 | Week 8<br>6/23/25 - 6/29/25 |
|---|---|---|---|---|---|---|---|---|---|
| | CASH BALANCE START | $ 46,167.00 | $ 46,167.00 | $ 126,907.00 | $ 93,027.00 | $ 90,047.00 | $ 77,167.00 | $ 146,687.00 | $ 127,007.00 |
| 1-5010-0000 | **REVENUE** | | | | | | | | |
| 1-5100-0000 | RENT REVENUE | | | | | | | | |
| 1-5799-9999 | NET RENT REVENUE | $ - | $ 81,400 | $ - | $ - | $ - | $ 81,400 | $ - | $ - |
| 1-5800-0000 | OTHER REVENUE | | | | | | | | |
| 1-5998-0000 | TOTAL OTHER REVENUE | $ - | $ 5,800 | $ - | $ - | $ - | $ 5,800 | $ - | $ - |
| 1-5999-0000 | **TOTAL REVENUE** | $ - | $ 87,200 | $ - | $ - | $ - | $ 87,200 | $ - | $ - |
| 1-6000-0000 | **EXPENSES** | | | | | | | | |
| 1-6100-0000 | REPAIRS & MAINTENANCE | | | | | | | | |
| 1-6199-9999 | TOTAL REPAIRS & MAINTENANCE | $ - | $ 3,200 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | 1,600 |
| 1-6300-0000 | UTILITY EXPENSES | | | | | | | | |
| 1-6311-0000 | Electric Vacant / Common | $ - | $ - | $ 5,000 | $ - | $ - | $ 5,000 | $ - | $ - |
| 1-6330-0000 | Water Common Area | $ - | $ - | $ 7,200 | $ - | $ - | $ 7,200 | $ - | $ - |
| 1-6345-0000 | Trash Removal | $ - | $ - | $ 2,000 | $ - | $ - | $ 2,000 | $ - | $ - |
| 1-6399-0000 | TOTAL UTILITIES | $ - | $ - | $ 14,200 | $ - | $ - | $ 14,200 | $ - | $ - |
| 1-6510-0000 | LEASING & MARKETING | | | | | | | | |
| 1-6510-0140 | ADV-Internet | $ - | $ 500 | $ - | $ - | $ - | $ 500 | $ - | $ - |
| 1-6510-1000 | ADV- 3rd Party Advertising | $ - | $ - | $ 2,400 | $ - | $ - | $ - | $ 2,400 | $ - |
| 1-6510-9999 | TOTAL LEASING & MARKETING | $ - | $ 500 | $ 2,400 | $ - | $ - | $ 500 | $ 2,400 | $ - |
| 1-6520-0000 | ADMINISTRATIVE EXPENSES | | | | | | | | |
| 1-6520-0150 | Banking Fees | $ - | $ 360 | $ 180 | $ 180 | $ 180 | $ 180 | $ 180 | 180 |
| 1-6520-0281 | Software Fees | $ - | $ 600 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 300 |
| 1-6520-0320 | Other Expenses | $ - | $ 1,800 | $ 900 | $ 900 | $ 900 | $ 900 | $ 900 | 900 |
| 1-6520-9999 | TOTAL ADMINISTRATIVE EXPENSES | $ - | $ 2,760 | $ 1,380 | $ 1,380 | $ 1,380 | $ 1,380 | $ 1,380 | 1,380 |
| 1-6529-9999 | TOTAL CONTROLLABLE EXPENSES | $ - | $ 6,460 | $ 19,580 | $ 2,980 | $ 2,980 | $ 17,680 | $ 5,380 | 2,980 |
| 1-6530-0000 | MANAGEMENT EXPENSES | | | | | | | | |
| 1-6530-0100 | Management Fee | $ - | $ - | $ 4,400 | $ - | $ - | $ 4,400 | $ - | $ - |
| 1-6250-9999 | Employee Allocation | $ - | $ - | $ 9,900 | $ - | $ 9,900 | $ - | $ 9,900 | $ - |
| 1-6530-9999 | TOTAL MANAGEMENT EXPENSES | $ - | $ - | $ 14,300 | $ - | $ 9,900 | $ - | $ 14,300 | $ - |
| 1-7990-0000 | TOTAL OPERATING EXPENSES | $ - | $ 6,460 | $ 33,880 | $ 2,980 | $ 12,880 | $ 17,680 | $ 19,680 | 2,980 |
| 1-7999-0000 | **NET OPERATING INCOME** | $ - | $ 80,740 | $ (33,880) | $ (2,980) | $ (12,880) | $ 69,520 | $ (19,680) | (2,980) |
| 1-8000-0000 | CAPITAL ITEMS | | | | | | | | |
| 1-8130-0000 | Building Exterior Upgrades | $ - | $ 600 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 300 |
| 1-8140-0000 | Building Interior Upgrades | $ - | $ 1,100 | $ 550 | $ 550 | $ 550 | $ 550 | $ 550 | 550 |
| 1-8450-0000 | Landscaping | $ - | $ 1,100 | $ 550 | $ 550 | $ 550 | $ 550 | $ 550 | 550 |
| 1-8550-0000 | Painting | $ - | $ 1,000 | $ 500 | $ 500 | $ 500 | $ 500 | $ 500 | 500 |
| 1-8600-0000 | Plumbing | $ - | $ 750 | $ 375 | $ 375 | $ 375 | $ 375 | $ 375 | 375 |
| 1-8670-0000 | Renovation Costs | $ - | $ 1,000 | $ 500 | $ 500 | $ 500 | $ 500 | $ 500 | 500 |
| 1-8999-9999 | TOTAL CAPITAL ITEMS | $ - | $ 5,550 | $ 2,775 | $ 2,775 | $ 2,775 | $ 2,775 | $ 2,775 | 2,775 |
| 1-9170-0000 | NON OPERATING ITEMS | | | | | | | | |
| 1-9180-1000 | Asset Management Fees | $ - | $ - | $ - | $ 1,700 | $ - | $ 1,700 | $ - | $ - |
| 1-9180-2000 | Legal Fees | $ - | $ - | $ 10,000 | $ - | $ - | $ - | $ 10,000 | $ - |
| 1-9199-9998 | TOTAL NON OPERATING ITEMS | $ - | $ - | $ 10,000 | $ 1,700 | $ - | $ 1,700 | $ 10,000 | $ - |
| | CASH BALANCE END | $ 46,167.00 | $ 126,907.00 | $ 93,027.00 | $ 90,047.00 | $ 77,167.00 | $ 146,687.00 | $ 127,007.00 | $ 124,027.00 |

EXHIBIT "B"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| 215 PAPER MILL RD PCPRE, LLC, ) | |
| ) | CASE NO. 25-54943-lrc |
| **Debtor.** ) | |
| ) | |

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING

This matter is before the Court on the Motion for Entry of an Interim and Final Order Authorizing Use of Cash Collateral and Scheduling a Final Hearing (the "**Motion**") filed by 215 Paper Mill Rd PCPRE, LLC (the "**Debtor**"), pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 4001, seeking use of cash collateral on an interim and final basis. An interim hearing on the Motion was held on May ____, 2025 (the "**Interim Hearing**"), and upon all pleadings filed with the Court and the representations of counsel at the Interim Hearing; and after due consideration and deliberation, it appears that sufficient cause exists for such relief, the Court finds as follows:

A.    On May 5, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code and has continued in possession of its property and management of its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of unsecured creditors has been appointed, and no request for the appointment of a trustee or examiner has been made.

B. The Debtor is the owner and operator of an 82 unit apartment complex known as The Carolina, located in Gwinnett County, Georgia, as well as other tangible and intangible assets (collectively, the "**Property**").

C. On November 10, 2020, the Debtor and Greystone Servicing Company LLC (the "**Original Lender**") entered into that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "**Loan Agreement**") pursuant to which the Debtor obtained a loan from the Original Lender in the principal amount of Six Million Nine Hundred Sixty Thousand Dollars ($6,960,000.00). The Debtor's obligation under the Loan is evidenced by a certain Multifamily Note, dated November 10, 2020 (the "**Note**"), which appears to be secured by a certain Multifamily Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated November 10, 2020 (the "**Security Deed,**" together with the Loan Agreement and the Note, the "**Loan Documents**"). The maturity date on the Loan pursuant to the Loan Documents is December 1, 2030.

D. Also on November 10, 2020, the Original Lender assigned its interests in the Loan and the Loan Documents to Federal National Mortgage Association ("**Fannie Mae**") pursuant to a certain Assignment of Collateral Documents and Other Loan Documents (the "**Assignment**").

E. The Debtor's obligations on the Loan appear to be secured by a first priority security interest in the Property and an assignment of leases and rents in favor of Fannie Mae.

F. Under the terms of the Loan Documents, the Debtor appears to have

- 2 -

transferred, assigned and pledged all cash and other proceeds of the Property as collateral to secure the Debtor's obligations under the Note (the "**Cash Collateral**").

G. To the extent that Fannie Mae holds a properly-perfected first priority security interest in the Property and Cash Collateral, it is entitled to adequate protection of its interests in the Property and Cash Collateral.

H. Orderly continuation of Debtor's business is dependent upon its ability to use cash collateral (as defined in 11 U.S.C. § 363(a)), and Debtor is without sufficient means to continue operations without the use of cash collateral. Thus, the relief granted in this interim order (the "**Interim Order**") is necessary, essential, and appropriate for the preservation of Debtor's business.

I. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334, this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), and (O) involving matters under, *inter alia,* 11 U.S.C. § 363, and venue is proper in this Court pursuant to 28 U.S.C. § 1409.

J. Adequate notice of the Motion and hearing with respect thereto has been given pursuant the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 102.

K. Good and sufficient cause has been shown to justify the granting of the relief requested herein.

NOW, THEREFORE, this Court ORDERS, ADJUDGES, AND DECREES, as follows:

1. Debtor is granted the limited use of Cash Collateral as follows: subject to the terms of this Interim Order, the Debtor is authorized pursuant to §363(c)(2) of the Bankruptcy Code to use Cash Collateral until the earlier of: (i) the effective date of the entry of any final order on the Motion; or (ii) conversion of the case to Chapter 7 or dismissal of the case.

2. As adequate protection for the Cash Collateral expended pursuant to this Interim Order, Fannie Mae shall be given a replacement lien in the Property, including but not limited to the post-petition rents and other income from the Property, in the same order of priority as existed pre-petition. In addition, absent consent by Fannie Mae, Cash Collateral will only be used for items and in the amounts set forth in the budget attached hereto as Exhibit A (the "**Budget**"), subject to a ten percent (10%) variance on aggrege disbursements during any four-week period. Moreover, because most of the expenses set forth in the Budget vary from week to week, expenses provided for in the Budget to be paid in a particular week may be paid in prior or subsequent weeks.

3. **A final hearing (the "Final Hearing") on this Motion will be held on _____, 2025, at \_\_\_\_\_ \_\_.m. before this Court.** The Debtor promptly shall mail copies of this Interim Order to the parties having been given notice of the Interim Hearing and any other party that has filed a request for notices with the Court and any Committee or Committee counsel, if such has been appointed. Any party objecting to the relief sought at the Final Hearing shall serve and file written objections no later than close of business on _____, 2025. Such objections must be served on counsel for the Debtor, counsel for Fannie Mae, and the United States Trustee.

4. This Interim Order is hereby deemed effective immediately pursuant to Bankruptcy Rule 6004(h).

**[END OF DOCUMENT]**

Prepared and presented by:

**SCROGGINS, WILLIAMSON & RAY, P.C.**

/s/
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559
J. HAYDEN KEPNER, JR.
Georgia Bar No. 416616

4401 Northside Parkway
Suite 230
Atlanta, GA 30327
T:	(404) 893-3880
F:	(404) 893-3886
E:	aray@swlawfirm.com
	hkepner@swlawfirm.com


*Proposed Counsel to the Debtor*

**Distribution List**

J. Hayden Kepner, Jr.
SCROGGINS & WILLIAMSON, P.C.
4401 Northside Parkway
Suite 230
Atlanta, GA  30327

Jonathan S. Adams
OFFICE OF THE UNITED STATES TRUSTEE
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

EXHIBIT "A"

**The Carolina (8carol)**
**Statement (8-Week)**
Period = May 2025 - Jun 2025
Book = Cash

| Account | Description | Week 1<br>5/5/25 - 5/11/25 | Week 2<br>5/12/25 - 5/18/25 | Week 3<br>5/19/25 - 5/25/25 | Week 4<br>5/26/25 - 6/1/25 | Week 5<br>6/2/25 - 6/8/25 | Week 6<br>6/9/25 - 6/15/25 | Week 7<br>6/16/25 - 6/22/25 | Week 8<br>6/23/25 - 6/29/25 |
|---|---|---|---|---|---|---|---|---|---|
|  | CASH BALANCE START | $ 46,167.00 | $ 46,167.00 | $ 126,907.00 | $ 93,027.00 | $ 90,047.00 | $ 77,167.00 | $ 146,687.00 | $ 127,007.00 |
| 1-5010-0000 | **REVENUE** | | | | | | | | |
| 1-5100-0000 | RENT REVENUE | | | | | | | | |
| 1-5799-9999 | NET RENT REVENUE | $ - | $ 81,400 | $ - | $ - | $ - | $ 81,400 | $ - | $ - |
| 1-5800-0000 | OTHER REVENUE | | | | | | | | |
| 1-5998-0000 | TOTAL OTHER REVENUE | $ - | $ 5,800 | $ - | $ - | $ - | $ 5,800 | $ - | $ - |
| 1-5999-0000 | **TOTAL REVENUE** | $ - | $ 87,200 | $ - | $ - | $ - | $ 87,200 | $ - | $ - |
| 1-6000-0000 | **EXPENSES** | | | | | | | | |
| 1-6100-0000 | REPAIRS & MAINTENANCE | | | | | | | | |
| 1-6199-9999 | TOTAL REPAIRS & MAINTENANCE | $ - | $ 3,200 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | $ 1,600 | 1,600 |
| 1-6300-0000 | UTILITY EXPENSES | | | | | | | | |
| 1-6311-0000 | Electric Vacant / Common | $ - | $ - | $ 5,000 | $ - | $ - | $ 5,000 | $ - | $ - |
| 1-6330-0000 | Water Common Area | $ - | $ - | $ 7,200 | $ - | $ - | $ 7,200 | $ - | $ - |
| 1-6345-0000 | Trash Removal | $ - | $ - | $ 2,000 | $ - | $ - | $ 2,000 | $ - | $ - |
| 1-6399-0000 | TOTAL UTILITIES | $ - | $ - | $ 14,200 | $ - | $ - | $ 14,200 | $ - | $ - |
| 1-6510-0000 | LEASING & MARKETING | | | | | | | | |
| 1-6510-0140 | ADV-Internet | $ - | $ 500 | $ - | $ - | $ - | $ 500 | $ - | $ - |
| 1-6510-1000 | ADV- 3rd Party Advertising | $ - | $ - | $ 2,400 | $ - | $ - | $ - | $ 2,400 | $ - |
| 1-6510-9999 | TOTAL LEASING & MARKETING | $ - | $ 500 | $ 2,400 | $ - | $ - | $ 500 | $ 2,400 | $ - |
| 1-6520-0000 | ADMINISTRATIVE EXPENSES | | | | | | | | |
| 1-6520-0150 | Banking Fees | $ - | $ 360 | $ 180 | $ 180 | $ 180 | $ 180 | $ 180 | 180 |
| 1-6520-0281 | Software Fees | $ - | $ 600 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 300 |
| 1-6520-0320 | Other Expenses | $ - | $ 1,800 | $ 900 | $ 900 | $ 900 | $ 900 | $ 900 | 900 |
| 1-6520-9999 | TOTAL ADMINISTRATIVE EXPENSES | $ - | $ 2,760 | $ 1,380 | $ 1,380 | $ 1,380 | $ 1,380 | $ 1,380 | 1,380 |
| 1-6529-9999 | TOTAL CONTROLLABLE EXPENSES | $ - | $ 6,460 | $ 19,580 | $ 2,980 | $ 2,980 | $ 17,680 | $ 5,380 | 2,980 |
| 1-6530-0000 | MANAGEMENT EXPENSES | | | | | | | | |
| 1-6530-0100 | Management Fee | $ - | $ - | $ 4,400 | $ - | $ - | $ 4,400 | $ - | $ - |
| 1-6250-9999 | Employee Allocation | $ - | $ - | $ 9,900 | $ - | $ 9,900 | $ - | $ 9,900 | $ - |
| 1-6530-9999 | TOTAL MANAGEMENT EXPENSES | $ - | $ - | $ 14,300 | $ - | $ 9,900 | $ - | $ 14,300 | $ - |
| 1-7990-0000 | TOTAL OPERATING EXPENSES | $ - | $ 6,460 | $ 33,880 | $ 2,980 | $ 12,880 | $ 17,680 | $ 19,680 | 2,980 |
| 1-7999-0000 | **NET OPERATING INCOME** | $ - | $ 80,740 | $ (33,880) | $ (2,980) | $ (12,880) | $ 69,520 | $ (19,680) | (2,980) |
| 1-8000-0000 | CAPITAL ITEMS | | | | | | | | |
| 1-8130-0000 | Building Exterior Upgrades | $ - | $ 600 | $ 300 | $ 300 | $ 300 | $ 300 | $ 300 | 300 |
| 1-8140-0000 | Building Interior Upgrades | $ - | $ 1,100 | $ 550 | $ 550 | $ 550 | $ 550 | $ 550 | 550 |
| 1-8450-0000 | Landscaping | $ - | $ 1,100 | $ 550 | $ 550 | $ 550 | $ 550 | $ 550 | 550 |
| 1-8550-0000 | Painting | $ - | $ 1,000 | $ 500 | $ 500 | $ 500 | $ 500 | $ 500 | 500 |
| 1-8600-0000 | Plumbing | $ - | $ 750 | $ 375 | $ 375 | $ 375 | $ 375 | $ 375 | 375 |
| 1-8670-0000 | Renovation Costs | $ - | $ 1,000 | $ 500 | $ 500 | $ 500 | $ 500 | $ 500 | 500 |
| 1-8999-9999 | TOTAL CAPITAL ITEMS | $ - | $ 5,550 | $ 2,775 | $ 2,775 | $ 2,775 | $ 2,775 | $ 2,775 | 2,775 |
| 1-9170-0000 | NON OPERATING ITEMS | | | | | | | | |
| 1-9180-1000 | Asset Management Fees | $ - | $ - | $ - | $ 1,700 | $ - | $ 1,700 | $ - | $ - |
| 1-9180-2000 | Legal Fees | $ - | $ - | $ 10,000 | $ - | $ - | $ - | $ 10,000 | $ - |
| 1-9199-9998 | TOTAL NON OPERATING ITEMS | $ - | $ - | $ 10,000 | $ 1,700 | $ - | $ 1,700 | $ 10,000 | $ - |
|  | CASH BALANCE END | $ 46,167.00 | $ 126,907.00 | $ 93,027.00 | $ 90,047.00 | $ 77,167.00 | $ 146,687.00 | $ 127,007.00 | $ 124,027.00 |