**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: <br><br> **1291 Britain Dr PCPRE, LLC,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-54940-lrc |

**LIMITED OBJECTION TO MOTION FOR ENTRY OF AN INTERIM**
**AND FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL**
**AND SCHEDULING A FINAL HEARING**
**[Related Docket No. 7]**

Federal National Mortgage Association ("**Fannie Mae**") hereby files this *Limited Objection to Emergency Motion for Authority to Use of Cash Collateral* (this "**Objection**"), and respectfully represents the following in support of the Objection:

**EXECUTIVE SUMMARY**

1.   In the *Motion for Entry of an Interim and Final Order Authorizing Use of Cash Collateral and Scheduling a Final Hearing* (the "**Motion**")[1] [Docket No. 7], 1291 Britain Dr PCPRE, LLC (the "**Debtor**") seeks authority to use Fannie Mae's cash collateral to fund operational and administrative expenses. However, the proposed order filed by the Debtor does not provide adequate protection and proposes to use Fannie Mae's collateral against Fannie Mae. As a general matter, Fannie Mae does not object to the use of its cash collateral; however, as adequate protection for such use, Fannie Mae requests that the Debtor pay the regular monthly payments required under the Loan Documents (as defined below), including the default interest rate, and removal of authorization to use cash collateral for payment of attorneys' fees of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**PAGE 1**

bankruptcy case. Accordingly, Fannie Mae objects to the Motion unless and until the Debtor provides adequate protection to Fannie Mae and removal of authorization of cash collateral to pay attorneys' fees.

## BACKGROUND

2.  On May 5, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor continues in possession and management of its business pursuant to 11 U.S.C. §§ 1107, 1108.

3.  Debtor owns and operates a 68 unit apartment complex known as Britain Village, located in Gwinnett County, Georgia (the "**Property**").

4.  Prior to, on and after the Petition Date, the Debtor has received and collected, and continues to receive and collect, rents, issues, proceeds, profits, accounts receivable, (collectively, the "**Rents**") arising from the Property.

5.  Via the Motion, the Debtor is requesting the use of Cash Collateral in order to operate the Property, provide services to tenants of the Property, fund business operations, and finance its reorganization efforts.

6.  Pursuant to the following instruments (collectively, the "**Loan Documents**"), Fannie Mae has a first position lien on, and duly perfected security interest in, *inter alia*, the Property, the Rents, and certain personal property (the "**Personal Property**"), as more fully described in the Loan Documents (collectively, the "**Pre-Petition Collateral**"):

    a.  the Multifamily Loan and Security Agreement (Non-Recourse) dated November 10, 2020 (the "**Loan Agreement**"), executed by the Debtor and Greystone Servicing Company, LLC (the "**Original Lender**" and "**Original Servicer**");

**PAGE 2**

  b. the Multifamily Note dated November 10, 2020, in the original principal amount of $6,160,000 (the "**Note**");

  c. the Multifamily Deed to Secure Debt, Assignment of Leases and Rents, and Security Agreement and Fixture Filing (Georgia) dated November 10, 2020 in the amount of $6,160,000 in favor of Original Lender (the "**Mortgage**"), which was duly recorded in the Office of the Register of Deeds for the County of Gwinnett Georgia on November 10, 2020, at Deed Book 58055, Page 00568;

  d. the Assignment of Collateral Agreements and Other Loan Documents, dated November 10, 2020 and the Assignment of Deed to Secure Debt dated November 10, 2020 (collectively, the "**Assignments**"); and

  e. Financing Statement filed with the Gwinnett County Clerk of Superior Court on November 12, 2020, as UCC Initial Filing Number 067-2020-008387.

7. Pursuant to the Assignments, Fannie Mae is the owner and holder of the Loan Documents. After the Assignments, Greystone Servicing Company, LLC remains the servicer of the Loan Documents. In this bankruptcy case, Fannie Mae possesses the sole and exclusive right to pursue collection and enforce all rights and remedies under the terms of the Loan Documents.

8. The Rents (which Fannie Mae has a valid, duly perfected, first-priority lien on, and security interest in) constitute cash collateral of Fannie Mae within the meaning of 11 U.S.C. § 363.

9. Pursuant to letters dated October 31, 2024, and March 7, 2025, (the "**Demand Letters**"), respectively, Fannie Mae notified the Debtor of its default under the terms of the Loan Documents, including the Debtor's failure to properly maintain the Property, failure to timely implement necessary repairs and replacements to the Property, and numerous unauthorized tax and

assessment liens against the Property. Via the Demand Letters, Fannie Mae made demand for the Debtor to timely cure all existing defaults (as defined in the Loan Documents).

10. Because the Debtor failed to cure the existing defaults, via the Demand Letter dated March 7, 2025, Fannie Mae notified the Debtor that the maturity date of the Note was accelerated. As of the Petition Date, all amounts due and owing under the terms of the Loan Documents are fully matured and payable in full to Fannie Mae.

11. Pursuant to paragraph number seven on page five that certain Pre-Negotiation Letter dated March 18, 2025, the Debtor stipulated to the validity of the liens.

## **OBJECTIONS**

12. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor may use cash collateral if "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Indeed, a secured creditor's interest in collateral is entitled to adequate protection under section 363(e) of the Bankruptcy Code. Section 363(e) recognizes that property interests of secured creditors are entitled to protection under the Fifth Amendment and "insure[s] that the secured creditor receives the value for which he bargained." S. Rep. No. 95-989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5839; *accord* H.R. Rep. No. 95-595, at 303 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6295; *see United Sav. Assoc. of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 793 F.2d 1380, 1397 (5th Cir. 1986), aff'd, 484 U.S. 365 (1988) ("Although the stay temporarily prevents that aspect of the bargain from being fulfilled, a creditor should not be prejudiced by a debtors' continued use of collateral during the proceeding. That bargain must be protected by compensating for a decline in the value of the collateral through its use during the pendency of the stay."); *see*

*also In re O.P. Held, Inc.*, 74 B.R. 777, 782-84 (Bankr. N.D.N.Y. 1987) (holding that secured lender must be assured of the maintenance and recoverability of its lien, and that debtor must prove that secured creditor will realize the value of its bargain).

13. Under section 361 of the Bankruptcy Code, adequate protection may be provided by "requiring the trustee to make a cash payment or periodic cash payments to such entity" to the extent the trustee's use of cash collateral or other estate property "results in a decrease in the value of such entity's interest in such property." 11 U.S.C. § 361(1). Alternatively, a trustee may provide adequate protection by "providing to such entity an additional or replacement lien to the extent that" the trustee's use of estate property "results in a decrease in the value of such entity's interest in such property." 11 U.S.C. § 361(2).

14. The Debtor bears the burden of proving that its secured lender is adequately protected. *See* 11 U.S.C. § 363(p)(1); *see also In re Polzin*, 49 B.R. 370, 371-72 (Bankr. D. Minn. 1985) ("[D]ue to the fact that the collateral is consumed or used up in a § 363 context and the creditor's use is not merely delayed as in a § 362 context, the adequate protection standard is a strict one . . . . It is the Debtor's burden to demonstrate that the secured party is adequately protected.") (citations omitted); *In re O.P. Held, Inc.*, 74 B.R. at 784 (holding that debtor requesting court authorization for use of cash collateral "must prove by clear and convincing evidence that the secured creditor will realize the value of its bargain in light of all the facts and circumstances of the case.") (quoting N. *Trust Co. v. Leavell (In re Leavell)*, 56 B.R. 11, 13 (Bankr. S.D. Ill. 1985)).

15. As indicated above, under the Loan Documents, Fannie Mae holds a first position lien and duly perfected security interest on certain Pre-Petition Collateral held by the Debtor, including the Property itself, the Rents derived from the Property, and certain other personal

property. The proposed budget attached to the Motion indicates that the Debtor has sufficient funds to pay Fannie Mae the normal monthly debt service payment with the default interest rate. However, the Debtor does not propose to pay Fannie Mae this amount, thus leaving Fannie Mae with a lack of adequate protection. This fact alone means that the Motion must be denied. *See In re Kleather*, 208 B.R. 406, 416 (Bankr. S.D. Ohio 1997) (noting that, in enacting section 363 of the Bankruptcy Code, Congress gave "special treatment to 'cash collateral'… in order to assure that a holder of a lien on 'cash collateral' is not deprived of its collateral through unprotected use by the Debtor") (quoting *In re Mickler*, 9 B.R. 121, 123 (Bankr. M.D. Fla. 1981)).

16.     Furthermore, the Motion proposes to use Fannie Mae's cash collateral to fund this bankruptcy case, including any actions against Fannie Mae. Fannie Mae objects to the use of its own cash collateral against it and requests that any such use of its cash collateral, including payments of attorneys' fees, be removed from any order authorizing the use of cash collateral. Similarly, the Court should not approve the proposed carve out for attorneys' fees from the replacement liens.

17.     As noted above, Fannie Mae does not, in principle, object to the use of its cash collateral. In fact, Fannie Mae's counsel reached out to Debtor's counsel on the Petition Date to discuss the agreed use of cash collateral. However, the parties have not been able to reach an agreement. *In re Las Torres Dev., L.L.C.,* 413 B.R. 687, 695 (Bankr. S.D. Tex. 2009) (explaining that "the parties requesting court approval to use cash collateral over the secured creditor's objection must prove there is adequate protection for that creditor").

18.     Fannie Mae's proposed form of order is attached hereto as **Exhibit A**. Pursuant to Fannie Mae's proposed form of order, Fannie Mae receives full debt service payments as required under the Loan Documents, superpriority claims, and reporting as adequate protection, in addition

to the replacement liens contemplated in the Motion. Fannie Mae's proposed order was provided to the Debtor, and the Debtor rejected Fannie Mae's proposed order. Fannie Mae's proposed order is reasonable and provides Fannie Mae the minimum level of adequate protection required for use of its cash collateral.

## RESERVATION OF RIGHTS

19. In consideration of the limited notice and expedited nature of the Motion, Fannie Mae reserves all rights to raise additional and/or amended objections to the Debtor's request to use cash collateral. Fannie Mae reserves all rights to present any legal authorities, arguments and evidence at any hearing to consider the Motion.

Dated: May 12, 2025

                      Respectfully submitted,

                      */s/ R. Matthew Martin*
                      R. Matthew Martin
                      Georgia Bar No. 473450
                      **DENTONS US LLP**
                      303 Peachtree Street, Suite 5300
                      Atlanta, GA 30308
                      404-527-4000
                      matt.martin@dentons.com

                      John D. Beck
                      **DENTONS US LLP**
                      1221 Avenue of the Americas
                      New York, NY 10020
                      212-768-6700
                      Email: john.beck@dentons.com

                      *Attorneys for Federal National Mortgage Association*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on May 12, 2025, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

*/s/ R. Matthew Martin*
R. Matthew Martin
