# **EXHIBIT A**

**Proposed Interim Cash Collateral Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| In re: | § | Chapter 11 |
|---|---|---|
| | § | |
| **1291 Britain Dr PCPRE, LLC,** | § | Case No.: 25-54940-lrc |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | |

**FIRST INTERIM ORDER AUTHORIZING DEBTOR TO USE
CASH COLLATERAL OF FEDERAL NATIONAL MORTGAGE
<u>ASSOCIATION AND PROVIDING ADEQUATE PROTECTION</u>**

This matter having come before the Court on May 13, 2025 for hearing (the "**Preliminary Hearing**") on the *Emergency Motion for Interim and Permanent Use of Cash Collateral* [Docket No. 7] (the "**Motion**")[1] filed by 1291 Britain Dr PCPRE, LLC d/b/a Britan Village (the "**Debtor**"), as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Case**"). Counsel for Debtor, counsel for Federal National Mortgage Association ("**Fannie Mae**") and counsel for the United States Trustee appeared at the Preliminary Hearing. Upon consideration of the Motion, representations of counsel at the Preliminary Hearing, no objections being raised to the Motion, and all other matters of record, the Court hereby finds:

A. The Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on May 5, 2025 (the "**Petition Date**"). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this chapter 11 case.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

B.      The Court has jurisdiction over the Motion pursuant to 28 U. S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363.  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C.      To the extent any findings of fact may herein constitute conclusions of law, and *vice versa*, they are hereby deemed as such.

D.      The Debtor is the owner of a 68 unit multi-family property located 1131, 1132, 1141, 1142, 1151, 1152, 1161, 1162, 1171, 1181, 1191, 1192, 1201, 1211, 1261, 1271, and 1281 Britain Drive, Northwest Lawrenceville, Georgia 30044 which real property and the buildings and improvements located thereon are hereinafter referred to as the "**Property**."

E.      The Debtor's Case is a "single asset real estate" case as defined in 11 U.S.C. § 101(51B).

F.      Prior to, on and after the Petition Date, the Debtor has received and collected, and continues to receive and collect, rents, issues, proceeds, profits, accounts receivable, (collectively, the "**Rents**") arising from the Property.

G.      The Debtor is requesting the use of the Rents and cash on hand in order to operate the Property, pay certain obligations, and provide services to tenants of the Property.

H.      Pursuant to the following instruments (collectively, the "**Loan Documents**"), Fannie Mae asserts a first position lien on, and duly perfected security interest in, *inter alia*, the Property, the Rents, cash, and certain personal property (the "**Personal Property**") as more fully described in the Loan Documents (collectively, the "**Pre-Petition Collateral**"):

(i)      the Multifamily Loan and Security Agreement (Non-Recourse) dated November 10, 2020 (the "**Loan Agreement**"), executed by the Debtor and Greystone Servicing Company, LLC (the "**Original Lender**" and "**Original Servicer**");

2

  (ii) the Multifamily Note dated November 10, 2020, in the original principal amount of $6,160,000 (the "**Note**");

  (iii) the Multifamily Deed to Secure Debt, Assignment of Leases and Rents, and Security Agreement and Fixture Filing (Georgia) dated November 10, 2020 in the amount of $6,160,000 in favor of Original Lender (the "**Mortgage**"), which was duly recorded in the Office of the Register of Deeds for the County of Gwinnett Georgia on November 10, 2020, at Deed Book 58055, Page 00568;

  (iv) the Assignment of Collateral Agreements and Other Loan Documents, dated November 10, 2020 and the Assignment of Deed to Secure Debt dated November 10, 2020 (collectively, the "**Assignments**");

  (v) Financing Statement filed with the Gwinnett County Clerk of Superior Court on November 12, 2020, as UCC Initial Filing Number 067-2020-008387.

 I. Fannie Mae asserts that the Rents (which Fannie Mae asserts it has a valid, duly perfected, first-priority lien on, and security interest in) constitute cash collateral of Fannie Mae within the meaning of 11 U.S.C. § 363.

 J. As of the Petition Date, Fannie Mae asserts that the Debtor was indebted to Fannie Mae pursuant to the Loan Documents in an amount no less than $5,968,430.01, plus interest, charges, and all other obligations allowable pursuant to the Loan Documents and applicable law (collectively, the "**Pre-Petition Indebtedness**").

 K. Fannie Mae also asserts it has claims under the Loan Documents against the Debtor relating to post-petition interest, reasonable costs, attorneys' fees, and any and all other amounts to the extent permitted by the Bankruptcy Code and applicable law. Fannie Mae reserves all rights

3

to collect such amounts from the Debtor notwithstanding any provisions set forth in this Interim Order.

L.     The Debtor believes that it is in the best interests of the estate and its creditors that the Debtor be permitted to utilize the Rents and cash on hand subject to the terms and conditions set forth herein.

M.     The entry of this Interim Order to allow the Debtor to utilize the Rents and cash on hand only in the manner provided herein and to provide Fannie Mae with adequate protection as provided herein is in the best interest of the Debtor, the estate, and its creditors.

The Debtor is hereby authorized on a limited and interim basis to use the Rents, as defined herein, and cash on hand only in accordance with the terms and conditions provided in this Interim Order. Accordingly, it is hereby:

**ORDERED, ADJUDGED, AND DECREED**:

1.     The Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2.     The Debtor is authorized to use the Rents and cash on hand as set forth herein from the date of the entry of this Order through and including the effective date of any subsequent interim or final on the Motion (the "**Interim Period**"); provided, however, absent a further order of the Court, the Debtor will not be authorized to use the Rents and cash on hand after forty-five (45) days from entry of this Order. The Interim Period may be extended by further order of the Court.

3.     The Debtor shall deposit all Rents and all other income it receives, including, but not limited to, all: (a) cash; (b) cash equivalents, whether in the form of cash, negotiable instruments, documents of title, securities, deposit accounts, or in any other form, which represent

4

income, proceeds, products, rents or profits of the Pre-Petition Collateral, whether on hand as of the Petition Date or collected thereafter, and all other "cash collateral" within the meaning of Section 363(a) of the Bankruptcy Code (collectively, the "**Cash Collateral**") into the Debtor's operating account at Wells Fargo Bank, N.A. or subsequent debtor in possession account, opened by the Debtor (the "**DIP Account**") and shall pay all expenses as authorized herein, using the DIP Account.  For the sake of clarity, any cash, money, funds, cash equivalents or other capital procured, received and originated exclusively after the Petition Date and completely unrelated to or unconnected to any Prepetition Collateral in any way by the Debtor's officers, directors, equity security holders or other control persons of the Debtor ("**Control Persons**") that is contributed to the Debtor by the Control Persons as equity capital contributions ("**Capital Contributions**") shall not constitute Cash Collateral.  Subject to paragraph 4(c) hereinbelow, Fannie Mae shall have as adequate protection a replacement lien in such Capital Contributions to the extent such property would be covered as collateral under the Loan Documents and to the extent of any diminution in value to the Prepetition Collateral during the pendency of this Bankruptcy Case.

4. The Debtor shall deposit all Cash Collateral and other income it receives during the pendency of the Debtor's Case into the DIP Account.

5. The Debtor shall be permitted to use the Rents and cash on hand solely to pay the expenditures specifically identified in the Budget attached hereto as **<u>Exhibit A</u>** (the "**Budget**"), subject to a 10% aggregate variance for any four-week period, and provided that any expenditures designated for any particular week may be paid prior to or after that week, provided that the Debtor remains within the allotted variance for the applicable four-week period, except for repairs that arise in an emergency situation that require immediate attention (an "**Emergency Repair**") that arise during the Interim Period.  The Debtor shall be authorized to make expenditures only for the

5

purposes and in the amounts set forth in the Budget (as modified above), unless (i) Fannie Mae consents in writing in advance to an additional expense or expenses within the Interim Period or (ii) the Court approves such additional expense or expenses after notice and a hearing. In the event of an Emergency Repair, payment shall not exceed $5,000.00 without prior written approval from Fannie Mae and Debtor shall provide documentation to Fannie Mae to support the Emergency Repair within twenty-four (24) hours of the repair.

6. In no event shall the Rents and cash on hand be used to pay the Debtor's attorneys' fees.

7. As adequate protection for the interests of Fannie Mae in the Rents pursuant to 11 U.S.C. §§ 361, 363(c) and 363(e), and in consideration of the Debtor's use thereof, the Debtor shall take the following actions:

(a) **Cash Collateral Payment**. On or before June 1, 2025, and continuing on the first calendar day of each month thereafter, the Debtor shall deliver to Fannie Mae the regular monthly payment of interest as required under the terms of the Loan Documents ("**Monthly Payment**"). The Debtor shall deliver the Monthly Payment to Fannie Mae in the same manner as previously done. Fannie Mae shall apply the Monthly Payment in accordance with the Loan Documents without further order of the Court. The automatic stay under 11 U.S.C. § 362(a) is hereby modified to the extent necessary to permit Fannie Mae to receive and apply the Monthly Payment provided for hereunder. The adequate protection payments delivered to Fannie Mae under this Interim Order shall not be disgorged, withdrawn or otherwise returned for any reason, notwithstanding future findings concerning (i) the extent of the existence of any form of adequate protection over Fannie Mae's liens and security interests in any of the Debtor's assets securing the Prepetition

6

Indebtedness; (ii) any equity cushion in the property securing the indebtedness owed to Fannie Mae by the Debtor (if any); or (iii) any alteration occurring after the Petition Date in the value of any property securing the indebtedness owed to Fannie Mae by the Debtor (if any).

(b)  **Insurance**.  The Debtor shall at all times maintain insurance coverage in accordance with the terms and conditions of the Loan Documents.  In compliance with the terms and conditions of the Loan Documents, the Debtor shall provide copies of any and all insurance documentation and information, as requested by Fannie Mae under the terms of the Loan Documents.

(c)  **Replacement Liens**.

(i)  As additional adequate protection of Fannie Mae's interests in, *inter alia*, the Pre-Petition Collateral, the Cash Collateral, and any diminution in value thereof during the pendency of this Case, and in consideration of the Debtor's use thereof, the Debtor shall grant, and Fannie Mae shall have and is hereby granted, valid and automatically perfected first priority replacement and additional liens and security interests ahead of all other liens (the "**Post-Petition Liens**"), in and upon any and all assets of the Debtor of the same nature, type and collateral categories of property comprising the Pre-Petition Collateral, whether now owned and existing or hereafter acquired after the Petition Date, created, or arising, and all products and proceeds thereof (including, without limitation, claims of the Debtor against third parties for loss or damage to the aforementioned items), and all accessions thereto, substitutions and replacements thereof, and wherever located.

7

The liens and security interests granted hereunder to Fannie Mae shall be prior to any post-petition assignment, lien, or interest in favor of any other person.

(ii)    The Post-Petition Liens are, and for all purposes shall be deemed to be, valid and enforceable, and no filing or recordation or other act shall be necessary to create or perfect such liens.  Fannie Mae shall not be required to file financing statements, mortgages or other documents in any jurisdiction or take any other action in order to validate or perfect the respective security interests granted to it under this Interim Order and related instruments, documents and agreements.  If Fannie Mae shall, in its sole discretion, choose to file such financing statements, mortgages or other documents or otherwise confirm perfection of such security interests, all such financing statements or similar documents shall be deemed to have been filed or recorded and perfected at the time and on the date of entry of this Interim Order.

(iii)    At the reasonable request of Fannie Mae, the Debtor shall execute and deliver to Fannie Mae such further documents and instruments and will do such further acts as Fannie Mae may deem advisable or necessary to assure to Fannie Mae the granting and perfection of all of the rights and interests given or intended to be given to Fannie Mae.

8.    To the extent the adequate protection provided herein is insufficient to adequately protect Fannie Mae's interests in, *inter alia*, the Pre-Petition Collateral, the Cash Collateral, and any diminution in value thereof during the pendency of this Case, Fannie Mae is hereby granted a super priority administrative expense claim under 11 U. S.C. 503(b) to the extent of any diminution in value not otherwise adequately protected, including, without limitation, all of the other benefits

8

and protections allowable under 11 U.S.C. § 507(b).  The Debtor asserts that Fannie Mae is also adequately protected by an equity cushion in the Property.  Fannie Mae does not so stipulate and reserves all rights regarding the value of its collateral position.

9. The Debtor shall provide to Fannie Mae a copy of each monthly operating report filed with the Court.

10. The Debtor shall provide to Fannie Mae no later than the twenty-first (21st) day of each month, a copy of the rent rolls, security deposit information, and accounts receivable for the Property, as well as bank statements from any and all of the Debtor's accounts for the prior month, along with current rent roll and security deposit information, including information related to all master and sub-tenants.

11. The Debtor shall provide to Fannie Mae such additional financial or other information concerning the acts, conduct, property, assets, liabilities, operations, financial condition, transactions of the Debtor, or concerning any matter which may affect the administration of the estate, as Fannie Mae may from time to time reasonably request within ten (10) business days of any such request.

12. Upon reasonable advance written notice to the Debtor (via email to the Debtor and the Debtor's counsel), the Debtor and its agents, employees, property managers, and others working at the Debtor's direction shall cooperate with and permit representatives, agents or employees of Fannie Mae to visit, inspect, and have reasonable access to the Debtor's books and records and the Property and will provide such other information as Fannie Mae may reasonably request.  The Debtor shall keep its books and records current and updated, so that all business activities are posted within a commercially reasonable time after such activity.

9

13. The Debtor's failure to comply with the terms and conditions of this Interim Order shall constitute an event of default ("**Event of Default**"). Upon the occurrence of any Event of Default, Fannie Mae shall provide Debtor and the Debtor's counsel written notice of such default (which may be accomplished by email). If the Debtor has failed to fully and completely cure any such Event of Default within five (5) business days after receipt of notice of the Event of Default by the Debtor and Debtor's Counsel, then without any further act, notice or action by Fannie Mae or any further notice, hearing, act or order of this Court, the Debtor's authority to use Cash Collateral and any and all obligations of Fannie Mae under this Interim Order shall terminate. Upon such termination, the Debtor shall immediately cease making any use of or disbursement of the Cash Collateral and Post-Petition Collateral from the DIP Account, unless the Court orders otherwise after notice and hearing. The Debtor shall continue to deposit receipts pertaining to the Property into the DIP Account but the account shall otherwise be frozen absent written agreement of Fannie Mae or order of the Court.

14. In the event that the Debtor has failed to fully and completely cure an Event of Default within five (5) business days after receipt of notice of the Event of Default by the Debtor and Debtor's Counsel, on motion and within five (5) calendar days' notice Fannie Mae shall be entitled to a hearing for relief from the automatic stay.

15. Fannie Mae's failure to provide written notice of an Event of Default shall in no way be deemed a waiver of Fannie Mae's rights or remedies under this Interim Order.

16. The Debtor's authorization to use the Rents held in the DIP Account shall terminate upon the expiration of the Interim Period (unless otherwise extended by written agreement of Fannie Mae or further order of the Court).

17. Except as otherwise provided herein, the terms and conditions of the Loan Documents shall not be impaired by this Interim Order, and Fannie Mae shall have all of its rights and remedies thereunder, subject to the provisions of the Bankruptcy Code, applicable state law and the authority of the Court, and the Debtor shall have all of its rights and defenses thereunder.

18. Nothing contained in this Interim Order shall be deemed to be a consent by Fannie Mae to any charge, lien, assessment or claim against under 11 U. S.C. § 506(c) of the Bankruptcy Code or otherwise.

19. The terms of this Interim Order shall not constitute conclusive or presumptive evidence concerning the issues of value of any of Fannie Mae's collateral or adequate protection of Fannie Mae, or validity and perfection of its asserted liens. All parties reserve all rights, subject to entry of relief on the Motion on a final basis.

20. This Interim Order shall not be construed to be a waiver or admission by Fannie Mae or the Debtor that will otherwise affect Fannie Mae's or the Debtor's right to seek further relief.

21. In taking any action related to this Interim Order or in connection with the enforcement of any of the rights granted herein, Fannie Mae shall have no liability to any third party (including pre and post-petition creditors of the Debtor) for any actions of the Debtor, and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor.

22. Except for the liens, mortgages and security interests granted to Fannie Mae, and except as may be agreed to in writing by Fannie Mae, the Debtor shall not cause, permit or consent to any liens, mortgages, or security interests to encumber any or all of the Property without prior Court Order after notice and hearing.

23. Nothing herein contained shall prejudice the right of Fannie Mae at any time to seek or the Debtor to oppose: (a) the appointment of a trustee in this Case, (b) relief from the automatic stay, (c) dismissal or conversion of this Case, or (d) any other relief. This Interim Order is without prejudice to the rights of the Debtor and/or Fannie Mae to seek, after notice and hearing, any modification of this Interim Order.

24. This Interim Order shall be effective as of the Petition Date upon entry by the Court and may be relied upon by Fannie Mae and the Debtor without the necessity of entry into the docket sheet of the Debtor's Case.

25. Fannie Mae reserves all rights to seek additional forms of adequate protection in any supplemental interim order or final order conditioning the use of Fannie Mae's cash collateral, including, without limitation, releases, waivers, stipulations, findings and related relief customarily granted on a final basis after an appropriate period of review to secured lenders in exchange for the use of cash collateral.

26. The Court shall hold a final hearing on the Motion at **[●]:[●] [●].m. on [●], 2025**, **in Courtroom 1204**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

27. This Interim Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

28. Debtor's Counsel shall promptly serve a copy of this Order onto the Office of the United States Trustee, counsel for Fannie Mae, the Debtor's twenty largest unsecured creditors, and any other parties who have filed notices of appearance in this case shall thereafter file a certificate of service evidencing such service.

**END OF ORDER**

Signed: _____, 2025

                                          Lisa Ritchey Craig
                                   United States Bankruptcy Judge

**Prepared and presented by:**

*/s/ John Beck*
John D. Beck (*pro hac vice* pending)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
212-768-6700
Email: john.beck@dentons.com

*Attorney for Federal National Mortgage Association*