IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**1291 Britain Dr PCPRE, LLC,**<br><br>Debtor. | **Chapter 11**<br>**Case No. 25-54940-LRC** |

**FEDERAL NATIONAL MORTGAGE ASSOCIATION'S OBJECTION TO THE DEBTORS' JOINT PLAN OF LIQUIDATION AND DISCLOSURE STATEMENT**

Federal National Mortgage Association ("**Fannie Mae**") respectfully submits this objection ("**Objection**") to the *Joint Plan of Liquidation* (the "**Plan**") filed by 1291 Britian Dr PCPRE, LLC (the "**Debtor**") [Docket No. 74] and the *Disclosure Statement to Accompany Debtors' Joint Plan of Liquidation* [Docket No. 75] (the "**Disclosure Statement**"). In support of this Objection, Fannie Mae states as follows:

**PRELIMINARY STATEMENT**

1.  The Plan and Disclosure Statement contain no meaningful information regarding the proposed sale process on which the Plan depends. There is no identified buyer, no purchase and sale agreement or letter of intent, and no disclosure of material terms or timing. In the absence of any concrete transaction or defined sale process, the Plan does not demonstrate feasibility, and the Disclosure Statement fails to provide adequate information to permit informed creditor evaluation.

2.  If the Court is nevertheless inclined to permit the Debtor additional time to pursue a sale, the Plan must include clear protections for Fannie Mae. Specifically, the Plan and/or Confirmation Order should provide that failure to pay Fannie Mae in full by the Effective Date will result in the automatic stay lifting, without further order of the Court, to permit Fannie Mae

to exercise its rights and remedies under the Loan Documents. The Effective Date should also be a date certain that is 30 days following entry of an order confirming the Plan. These requested changes preserve the Debtor's opportunity to consummate a sale while preventing further delay in enforcement of Fannie Mae's rights.

3. In short, the Plan lacks any meaningful details on the proposed sale process and therefore is not feasible and, for the same reason, the Disclosure Statement does not contain adequate information and should not be approved.

## FACTUAL BACKGROUND

**A.     The Bankruptcy Case**

4. On May 5, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**")[1] immediately prior to a scheduled state court hearing at which a receiver was expected to be appointed over the Property (as defined below). The Debtor continues in possession and management of its business pursuant to 11 U.S.C. §§ 1107, 1108. The Debtor's case is a "single asset real estate" case as defined in § 101(51B).

5. The Debtor filed the Plan on December 15, 2025, along with the Disclosure Statement.

**B.     The Mortgage**

6. The Debtor owns and operates a sixty-eight (68) unit multi-family property located in Gwinnett County, Georgia, commonly known as Britian Village (the "**Property**").

---

[1] All references to chapter or "§" are references to the Bankruptcy Code, unless otherwise noted.

2

7. Prior to, on and after the Petition Date, the Debtor has received and collected, and continues to receive and collect, rents, issues, proceeds, profits, accounts receivable (collectively, the "**Rents**"), arising from the Property.

8. Pursuant to the following instruments (collectively, the "**Loan Documents**"), Fannie Mae has a first position lien on, and duly perfected security interest in, *inter alia*, the Property, the Rents, and certain personal property (the "**Personal Property**"), as more fully described in the Loan Documents (collectively, the "**Pre-Petition Collateral**"):

   i. the Multifamily Loan and Security Agreement (Non-Recourse) dated November 10, 2020 (the "**Loan Agreement**"), executed by the Debtor and Greystone Servicing Company, LLC (the "**Original Lender**" and "**Original Servicer**");

   ii. the Multifamily Note dated November 10, 2020, in the original principal amount of $6,160,000 (the "**Note**");

   iii. the Multifamily Deed to Secure Debt, Assignment of Leases and Rents, and Security Agreement and Fixture Filing (Georgia) dated November 10, 2020 in the amount of $6,160,000 in favor of Original Lender (the "**Mortgage**"), which was duly recorded in the Office of the Register of Deeds for the County of Gwinnett Georgia on November 10, 2020, at Deed Book 58055, Page 00568;

   iv. the Assignment of Collateral Agreements and Other Loan Documents, dated November 10, 2020 and the Assignment of Deed to Secure Debt dated November 10, 2020 (collectively, the "**Assignments**"); and

   v. Financing Statement filed with the Gwinnett County Clerk of Superior Court on November 12, 2020, as UCC Initial Filing Number 067-2020-008387.

9. Pursuant to the Assignments, Fannie Mae is the owner and holder of the Loan Documents. After the Assignments, Original Servicer remains the servicer of the Loan Documents. In this bankruptcy case, Fannie Mae possesses the sole and exclusive right to pursue collection and enforce all rights and remedies under the terms of the Loan Documents.

10. The Rents (which Fannie Mae has a valid, duly perfected, first-priority lien on, and security interest in) constitute cash collateral of Fannie Mae within the meaning of 11 U.S.C. § 363.

C.   **Borrower's Default of the Loan Documents**

11.  Pursuant to letters dated October 31, 2024, and March 7, 2025 (the "**Demand Letters**"), respectively, Fannie Mae notified the Debtor of its default under the terms of the Loan Documents, including the Debtor's failure to properly maintain the Property, failure to timely implement necessary repairs and replacements to the Property, and numerous unauthorized tax and assessment liens against the Property. Via the Demand Letters, Fannie Mae made demand for the Debtor to timely cure all existing defaults (as defined in the Loan Documents).

12.  Because the Debtor failed to cure the existing defaults, via the Demand Letter dated March 7, 2025, Fannie Mae notified the Debtor that the maturity date of the Note was accelerated. As of the Petition Date, all amounts due and owing under the terms of the Loan Documents are fully matured and payable in full to Fannie Mae.

## ARGUMENT & AUTHORITY

13.  As proposed, the Plan and Disclosure Statement lack the essential predicate to feasibility: an identified and committed purchaser. Although counsel for the Debtor has for months represented that an executed purchase and sale agreement is forthcoming, no such agreement has been produced. The record likewise contains no evidence that a qualified buyer is prepared to enter into a binding agreement or a realistic process to identify such a party. Absent a committed buyer, the Debtor has not demonstrated that the Plan is feasible, and the Disclosure Statement fails to provide adequate information to permit informed creditor voting. This critical omission warrants denial of approval of the Disclosure Statement. *See* 11 U.S.C. § 1125(a)(1); *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 154–55 (3d Cir. 2012).

A.   **The Plan is Patently Unconfirmable**

   1.   ***The Plan is Patently Unconfirmable Because it is Not Feasible.***

14.   Section 1129(a)(11) requires that, for a plan to be confirmed, it must be feasible. Courts should assess "whether the plan offers a reasonable probability of success, rather than a mere possibility." *In re Brandywine Townhouses, Inc.*, 524 B.R. 889, 892 (Bankr. N.D. Ga. 2014) (internal quotation omitted). Although guaranteed success is not required, "establishing feasibility requires more than a promise, hope, or unsubstantiated prospect of success." *Id*.

15.   "'The purpose of the feasibility requirement . . . is to prevent confirmation of visionary schemes which promise creditors and equity holders more under a proposed plan than the debtor can possibly attain after confirmation.'" *In re Aspen Village at Lost Mountain Memory Care, LLC*, 609 B.R. 536, 545 (Bankr. N.D. Ga. 2019) (quoting *In re Diplomat Constr., Inc.*, Case No. 09-68613, 2009 WL 6498180 at *2 (Bankr. N.D. Ga. Nov. 20, 2009) (internal quotations omitted)).

16.   The Plan's viability depends entirely on the Debtor's ability to consummate a sale of the Property. Yet neither the Plan nor the Disclosure Statement provides any meaningful detail regarding the sale process, the status of negotiations, or the terms under which such a sale would occur.

17.   In the absence of a binding agreement, creditors are asked to rely solely on the Debtor's assertion that a sale will occur and are left to speculate as to its terms or feasibility. There is no information—let alone sufficient information—to inform a creditor voting on the Plan whether the proposed sale can be consummated at a price sufficient to satisfy Fannie Mae's claim.

18.   Accordingly, the Plan is premised on an unsubstantiated future transaction rather than an executable path to consummation. A plan that depends entirely on a speculative sale, unsupported by a committed buyer, fails to satisfy the feasibility requirements of the Bankruptcy

5

Code and cannot be confirmed. Because the Plan is patently unconfirmable the Disclosure Statement should not be approved. *See, e.g.*, *In re Atlanta West VI*, 91 B.R. 620, 622 (Bankr. N.D. Ga. 1988); *Am. Capital Equip., LLC*, 688 F.3d at 154.

### 2. The Plan Should Contain a Toggle Provision to Protect Fannie Mae's Rights.

19. If the Court is nevertheless inclined to permit the Debtor additional time to pursue a sale, the Plan should include clear protections for Fannie Mae. It has been over a year since the Debtor defaulted under the Loan and Fannie Mae first attempted to protect its rights under the Loan Documents. The Debtor has had sufficient time to find a buyer or refinancing lender, and pay Fannie Mae's claim in full. It has been unwilling or unable to do so and the Plan should be its last opportunity. The bankruptcy process is not intended to be used to string lenders along forever. *See, e.g.*, *In re Brown*, 671 B.R. 461, (Bankr. D. Md. 2025) (recognizing that dragging out the bankruptcy process to the detriment of creditors is antithetical to the purpose of the Bankruptcy Code); *Matter of Lisse*, 921 F.3d 629, 642 (7th Cir. 2019) ("Using the automatic stay in 11 U.S.C. § 362(a) as a litigation ploy to drag out foreclosure proceedings in another jurisdiction constitutes objective bad faith.").

20. Accordingly, Fannie Mae believes the Plan should include a toggle provision that modifies the automatic stay to allow Fannie Mae to enforce its rights under the Loan Documents in the event the Debtor is unable to close on a sale of the Property at a price sufficient to pay off Fannie Mae's secured claim. Specifically, Fannie Mae requests that the following language be inserted into the Plan and/or Confirmation Order:

> Notwithstanding anything to the contrary in the Plan, the Disclosure Statement or any other agreement or document, a sale of the Property or refinance of the Loan sufficient to pay Fannie Mae in full shall occur no later than 30 days from the entry of the Order confirming the Plan (the "Closing Deadline"). The Closing Deadline is final, firm, and non-extendable, and no amendment, modification, waiver, or extension of the Closing Deadline shall be permitted

> without the prior written consent of Fannie Mae, which consent may be granted or withheld in Fannie Mae's sole discretion.
>
> If the Debtor fails to pay Fannie Mae in full by the Closing Deadline, the automatic stay imposed by section 362(a) of the Bankruptcy Code shall automatically lift, without further notice, hearing, or order of the Court, solely to permit Fannie Mae to exercise all rights and remedies available to it under applicable non-bankruptcy law and the Loan Documents, including, without limitation, foreclosure against the Property.

21. Without this provision included in the Plan, the Plan is nothing more than another delay tactic to prevent Fannie Mae from enforcing its bargained-for protections under the Loan Documents. The Debtor has already agreed to not seek further extensions of its exclusivity period to file a plan. *See* Docket No. 73. This Plan should represent the Debtor's final effort to pay off Fannie Mae and if the Debtor is unsuccessful, Fannie Mae should be allowed to enforce its non-bankruptcy rights against the Property.

**B.    The Disclosure Statement Does Not Contain Sufficient Information**

22. "'The purpose of the disclosure statement is to provide sufficient information to enable a reasonable and typical investor to make an informed judgment about the plan.'" *In re Coastal Realty Investments, Inc.*, Case No. 12-20564, 2013 WL 2142356, at *2 (Bankr. S.D. Ga. Jan. 17, 2013) (quoting *In re Ligdon*, 50 B.R. 127, 130 (Bankr. M.D. Tenn. 1985)). A disclosure statement should "provide[] creditors with enough information to assess the plan." *Id*.

23. It is critical that a disclosure statement contain sufficient information because creditors and the Bankruptcy Court rely upon the disclosure statement as the basis upon which to evaluate the proposed plan. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'"); *see also Ryan*

*Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) ("[D]isclosure requirements are crucial to the effective functioning of the federal bankruptcy system [because] creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan . . . .").

24. Whether a disclosure statement contains adequate information for purposes of section 1125 of the Bankruptcy Code is within the sole discretion of the Bankruptcy Court and is to be determined on a case-by-case basis. *Tex. Extrusion Corp. v. Lockheed Corp.* (*In re Tex. Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988); *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995). However, as a general rule, "[t]he plan proponent bears the ultimate risk of nonpersuasion on the questions of compliance with the requirement to disclose adequate information . . . ." *In re Michelson*, 141 B.R. 715, 720 (Bankr. E.D. Cal. 1992).

25. Here, the Disclosure Statement fails to provide adequate information regarding the most basic details of the proposed sale. As a result, creditors lack meaningful information concerning the central component of the Plan, as its feasibility depends entirely on consummation of a sale at a price sufficient to satisfy Fannie Mae's claim.

26. A purchase agreement or comparable commitment from a buyer is therefore essential to the Plan's viability. The failure to disclose any such commitment constitutes a failure to provide adequate information concerning the Plan's most material feature, and the Disclosure Statement should not be approved.

27. Accordingly, a PSA or other binding commitment by a buyer is critical to the success of the Plan, yet no such commitment is given in the Plan or the Disclosure Statement. This is a clear failure to provide adequate information about the most critical aspect of the Plan, and the Disclosure Statement therefore cannot be approved.

## RESERVATION OF RIGHTS

28. Fannie Mae reserves all rights to supplement this Objection, raise new objections to approval of the Disclosure Statement and Plan, raise objections to any amended plan and/or disclosure statement the Debtor may file, and participate in the hearing to approve the Disclosure Statement and confirm the Plan.

## CONCLUSION

WHEREFORE, Fannie Mae respectfully requests that this Court deny approval of the Disclosure Statement and confirmation of the Plan.

Dated: January 20, 2026

> Respectfully submitted,
>
> */s/ Nathan L. Garroway*
>
> Nathan L. Garroway (GA Bar No. 142194)
> Alize' D. Mitchell (GA Bar No. 349963)
> **DENTONS US LLP**
> 303 Peachtree Street, NE. Suite 5300
> Atlanta, GA  30308
> (404) 527-4000
> nathan.garroway@dentons.com
> alize.mitchell@dentons.com
>
> John D. Beck (admitted *pro hac vice*)
> Elysa J. Chew (admitted *pro hac vice*)
> **DENTONS US LLP**
> 1221 Avenue of the Americas
> New York, NY 10020
> 212-768-6700
> john.beck@dentons.com
> elysa.chew@dentons.com
>
> *Attorneys for Federal National Mortgage Association*

9

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2026, a true and correct copy of the foregoing document was served electronically on all parties registered to receive notice of filings in this case through the Court's CM/ECF PACER system, as follows:

- **Nathan L Garroway**    nathan.garroway@dentons.com
- **Alan Hinderleider**    Alan.Hinderleider@usdoj.gov
- **J. Hayden Kepner**    hkepner@swlawfirm.com, rwilliamson@swlawfirm.com;centralstation@swlawfirm.com;fharris@swlawfirm.com;aray@swlawfirm.com;mlevin@swlawfirm.com
- **Robert Matthew Martin**    matt.martin@dentons.com, pam.matthews@dentons.com
- **Alize Dasia Mitchell**    alize.mitchell@dentons.com
- **Jill L. Nicholson**    jill.nicholson@dentons.com, docket.general.lit.chi@dentons.com
- **Ashley Reynolds Ray**    aray@swlawfirm.com, rwilliamson@swlawfirm.com;centralstation@swlawfirm.com;fharris@swlawfirm.com;hkepner@swlawfirm.com;mlevin@swlawfirm.com

I further certify that, on January 20, 2026, I caused a copy of the foregoing document to be served upon the parties in interest via First Class, U.S. Mail, postage prepaid on the attached service list.

/s/ Nathan L. Garroway
Nathan L. Garroway

**SERVICE LIST**

Case 25-54940-lrc    Doc 82    Filed 01/20/26    Entered 01/20/26 12:00:11    Desc Main
Document      Page 11 of 14

| | | |
|---|---|---|
| | 1-Tom-Plumber Gwinnett County<br>629 Airport Rd A<br>Lawrenceville, GA 30046-4474 | 1291 Britain Dr PCPRE, LLC d/b/a Britain Vil<br>12945 Seminole Blvd., A200<br>Largo, FL 33778-2319 |
| 44 Appliance & Supply Co, Inc.<br>8105 Cobb Center Dr<br>C<br>Kennesaw, GA 30152-7681 | A-1 Fire Extinguisher, Inc.<br>P.O. Box 48413<br>Athans, GA 30604-8413 | Jonathan S. Adams<br>Office of the United States Trustee<br>362 Richard B Russell Federal Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3315 |
| Alpha Creek Services LLC<br>3690 Holcomb Bridge Road<br>Peachtree Corners, GA 30092-2727 | Apartments.com<br>2563 Collection Center Dr<br>Chicago, IL 60693-0025 | Apartments247.com<br>1250 W. Charleston Park Ave.<br>Pahrump, NV 89048-4285 |
| Banyan Utility<br>P.O. Box 86531<br>San Diego, CA 92138-6531 | John D. Beck<br>Dentons US LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 | BetterNOI<br>2900 Monarch Lakes Bvd<br>Suite 201<br>Miramar, FL 33027-3965 |
| Chadwell Supply, Inc.<br>PO Box 105172<br>Atlanta, GA 30348-5172 | Elysa J. Chew<br>Dentons US LLP<br>Suite 5900<br>233 S. Wacker Drive<br>Chicago, IL 60606-6404 | Clean 2 Go Services LLC<br>2065 Waycross Lane<br>Dacula, GA 30019-9510 |
| Clean 2Go Services LLC<br>2065 Waycross Ln<br>Dacula, GA 30019-9510 | Dispo Depot LLC dba Renters Reference Se<br>2323 Perimeter Park Dr<br>Suite 120<br>Atlanta, GA 30341-1300 | Drew Eckl Farnham<br>303 Peachtree St, NE<br>Ste 3500<br>Atlanta, GA 30308-3263 |
| Duenas Drywall & Remodeling  LLC<br>1841 Shady Creek Ln<br>Lawrenceville, GA 30043-2711 | Ellis Management Services, Inc<br>4545 Fuller Dr<br>Suite 406<br>Irving, TX 75038-6565 | Evolution Reinforcing<br>1751 Sacketts Dr<br>Lawrenceville, GA 30043-3150 |
| Evolution Reinforcing<br>2700 Braselton Hwy Suite 10-164<br>Dacula, GA 30019-3262 | Federal Nat'l Mortgage Assoc.<br>419 Belle Air Lane<br>Warrenton, VA 20186-4368 | Federal National Mortgage Association<br>c/o Jill L. Nicholson<br>Dentons US LLP<br>233 S. Wacker Dr., #5900<br>Chicago, IL 60606-6404 |
| Nathan L Garroway<br>Dentons US LLP<br>Ste 5300<br>303 Peachtree Street, NE<br>Atlanta, GA 30308-3265 | Georgia Dept. of Labor<br>148 Andrew Young Intl Blvd<br>Suite 826<br>Atlanta, GA 30303-1733 | Georgia Dept. of Labor<br>Suite 826<br>148 Andrew Young Inter. Blvd., NE<br>Atlanta GA 30303-1751 |
| Georgia Dept. of Labor<br>Suite 910<br>148 Andrew Young Inter. Blvd., NE<br>Atlanta GA 30303-1751 | (p)GEORGIA DEPARTMENT OF REVENUE<br>BANKRUPTCY<br>2595 CENTURY PKWY NE SUITE 339<br>ATLANTA GA 30345-3173 | Gwinnett Co. Tax Commissioner<br>PO Box 372<br>Lawrenceville, GA 30046-0372 |

```
Gwinnett Co. Water Resources          Alan Hinderleider                      Initech Plumbing LLC dba 1-Tom-Plumber
PO Box 105023                         Office of the United States Trustee    332 Swanson Dr
Atlanta, GA 30348-5023                362 Richard B Russell Federal Building Suite A
                                      75 Ted Turner Drive, S.W.              Lawrenceville, GA 30043-8530
                                      Atlanta, GA 30303-3315


Internal Revenue Service              Internal Revenue Service               Internal Revenue Service
P. O. Box 7346                        401 W. Peachtree Street NW             Centralized Insolvency
Philadelphia, PA 19101-7346           Stop 334-D                             P.O. Box 7346
                                      Atlanta, GA 30308                      Philadelphia, PA 19101-7346



Internal Revenue Service              Jackson EMC                            J. Hayden Kepner Jr.
Centralized Insolvency Operation      P.O. Box 166023                        Scroggins, Williamson & Ray, P.C.
PO Box 7346                           Altamonte Springs, FL 32716-6023       Ste 230
Philadelphia, PA 19101-7346                                                  4401 Northside Parkway
                                                                             Atlanta, GA 30327-3065


Landscape Mgmt Services, Inc          M & B General Contractors, LLC         M&B General Contractors LLC
PO Box 2021                           c/o Paul E. Andrew, Esq                780 Riverview Lane
Tucker, GA 30085-2021                 7 Lumpkin Street                       Winder, GA 30680-3147
                                      Lawrenceville, GA 30046-8440



Robert Matthew Martin                 Alize Dasia Mitchell                   Jill L. Nicholson
Dentons US LLP                        Dentons US LLP                         Dentons US LLP
Suite 5300                            Ste 5300                               233 S. Wacker Drive, Ste 5900
303 Peachtree St., NE                 303 Peachtree St. NE                   Chicago, IL 60606-6404
Atlanta, GA 30308-3265                Atlanta, GA 30308-3265


Paul E. Andrew                        Paul E. Andrew                         Radix Software, Inc
7 Lumpkin Street                      Andrew, Merritt, Reilly & Smith        7150 E Camelback Rd
Lawrenceville, GA 30046-8440          7 Lumpkin Street                       Suite #333
                                      Lawrenceville, GA 30046-8440           Scottsdale, AZ 85251-1225


Ashley Reynolds Ray                   Rent Group Inc.                        Reynolds Restoration Group
Scroggins, Williamson & Ray, P.C.     PO Box 740925                          PO Box 870295
Suite 230                             Atlanta, GA 30374-0925                 Stone Mountain, GA 30087-0008
4401 Northside Parkway
Atlanta, GA 30327-3065


Robert P. Hein, PC                    Secretary of the Treasury              Sesmas Tree Service LLC
2970 Clairmont Road N.E.              15th & Pennsylvania Avenue, NW         1530 Purcell Rd
Ste 220                               Washington, DC 20200                   Lawrenceville, GA 30043-5729
Brookhaven, GA 30329-4414



Titan Pest Solutions, Inc             U. S. Securities and Exchange Commission   United States Attorney
PO Box 1002                           Office of Reorganization                   Northern District of Georgia
Holly Springs, GA 30142-1002          Suite 900                                  75 Ted Turner Drive SW, Suite 600
                                      950 East Paces Ferry Road, NE              Atlanta GA 30303-3309
                                      Atlanta, GA 30326-1382


United States Trustee                 Waste Management                       Waste Management of Atlanta
362 Richard Russell Federal Building  PO BOX 42930                           P.O. Box 4648
75 Ted Turner Drive, SW               PHOENIX, AZ 85080-2930                 Payment Processing
Atlanta, GA 30303-3315                                                       Carol Stream, IL 60197-4648
```

Zillow Rental Network
PO Box 737412
Dallas, TX 75373-7412